O

cc: order, docket and remand letter to
Los Angeles Superior Court No. BC434004

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES GALEA, | ) | Case No. CV 10-03040 DDP (RCx) |
| Plaintiff, | ) | **Order Granting Plaintiff's Motion to Remand** |
| v. | ) | [Motion filed on May 14, 2010] |
| KENNETH MAYER et al., | ) | |
| Defendants. | ) | |

This matter comes before the Court on a Motion to Remand filed by the plaintiff Charles Galea ("Plaintiff"). Having reviewed the papers submitted by the parties, the Court GRANTS the motion and adopts the following Order.

**I.  Background**

On March 18, 2010, Plaintiff, in his capacity as Trustee for Micro Tool & Manufacturing Inc. Defined Benefit Plan, filed suit in Los Angeles Superior Court alleging various causes of action relating to the sale of non-suitable and illiquid annuities to Plaintiff and the Plan against the following defendants: Kenneth Mayer ("Mayer"); Liberty First Inc. ("Liberty First"); Jeffrey L. Bangerter ("Bangerter"); Coordinated Concepts Insurance Services,

LLC ("Coordinated Concepts"); Legacy Financial Services, Inc. ("Legacy"); Multi-Financial Securities Corporation ("Multi-Financial"); Equitrust Life Insurance Company ("Equitrust"); and OM Financial Life Insurance Company ("OM Financial") (collectively, "Defendants").  Plaintiff's proof of service, filed in state court on March 29, 2010, indicates that the original summons and complaint were served on Legacy, Multi-Financial, Equitrust, and OM Financial on March 23, 2010, and on Bangerter and Coordinated Concepts on March 26, 2010.

On April 22, 2010, Equitrust removed the action to federal court pursuant to 28 U.S.C. §§ 1441, 1446 and 29 U.S.C. § 1332(e)(1).  In the removal notice, Equitrust stated that Mayer, Liberty First, and OM Financial's joined in the removal, but conceded that consent had not yet been obtained from Bangerter, Coordinated Concepts, Multi-Financial, or Legacy.  (Notice of Removal, ¶ 7-11, Apr. 22, 2010.)  On April 26, 2010, Mayer, Liberty First, and OM Financial filed notice of joinder in Equitrust's removal.  On May 14, 2010, Plaintiff filed this motion to remand, arguing that (1) removal was improper under Local Rule 7-4 and 28 U.S.C. § 1447 due to the lack of unanimity and (2) federal jurisdiction was lacking because his claims are not completely preempted by the Employee Retirement and Security Act of 1974 ("ERISA").  Bangerter, Coordinated Concepts, and Multi-Financial filed a notice of joinder in Equitrust's removal on May 18, 2010, and Legacy filed a notice of joinder on May 24, 2010.

**II. Discussion**

The burden of establishing federal jurisdiction is upon the party seeking removal and the removal statute is strictly construed

against removal jurisdiction. <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190 (9th Cir. 1988). Section 1446 requires that a defendant seeking to remove an action file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446. In cases involving multiple defendants, the courts are split as to whether the thirty-day statutory period begins when the first or the last defendant is served, and neither the Supreme Court nor the Ninth Circuit has resolved the issue. <u>United Steel v. Shell Oil Co.</u>, 549 F.3d 1204, 1208 (9th Cir. 2008) (noting that "[i]n cases with multiple defendants, there is a split in authority- unresolved in this Circuit- on whether the thirty-day period to file, or join in, a notice of removal begins to run on the day of service on the first-served or last-served defendant" and declining to resolve the issue).

The Ninth Circuit has interpreted § 1446 to require a "rule of unanimity," meaning that all defendants who have been served in a state action, except for nominal parties, must join the notice of removal. <u>Prize Frize, Inc. v. Matrix (U.S.) Inc.</u>, 167 F.3d 1261, 1266 (9th Cir. 1999), <u>superseded by statute on other grounds as stated in</u> <u>Abrego Abrego v. Dow Chem. Co.</u>, 443 F.3d 676, 681 (9th Cir. 2006). Where a notice of removal "plainly admits on its face that not all defendants had joined in the removal," the removing party bears the burden "to explain affirmatively the absence of any co-defendants" in the removal notice. <u>Id.</u> Where "the removal notice was facially defective and the deficiencies [were] uncured

3

within the thirty-day statutory period," removal was improper and remand is appropriate. Id.

Here, as in Prize, the notice of removal was facially defective, as it acknowledged that not all defendants joined in the removal. And, as in Prize, this deficiency was not cured within the thirty-day statutory period. Even under the last-served rule, all defendants were required to join in the removal notice by no later than Monday, April 26, 2010.[1] Bangerter, Coordinated Concepts, and Multi-Financial did not join until May 18, 2010, and Legacy did not join until May 24, 2010.

Equitrust suggests that the thirty-day period was extended by stipulation, but the stipulations at issue merely extended the deadline for filing a responsive pleading to the Complaint, not the deadline for joining in removal. (Docket Nos. 15, 24.) See Ortiz v. General Motors Acceptance Corp., 583 F. Supp. 526, 531 (N.D. Ill. 1984) (holding that plaintiff did not waive objection to untimely removal where parties submitted a stipulation extending time for the defendant to "answer or otherwise plead"). In any event, it is not clear that a stipulation purporting to extend the mandatory thirty-day period for removal provided in § 1446 would have any effect. See 4 Charles Allen Wright et al., Federal Practice & Procedure § 3731 (4th ed. 2010) (noting that "the decided cases make clear" that the "mandatory" 30-day time limitations in Section 1446 may not be extended by stipulation).

---

[1] Bangerter and Coordinated Concepts, the last-served defendants, were served on March 26, 2010. (Mot. Exs. 1-A & 1-B.) Thirty days from that date, calculated pursuant to Federal Rule of Civil Procedure 6(a)(1), fell on Sunday, April 25, 2010, and is therefore extended to Monday, April 26, 2010.

4

Nevertheless, Equitrust argues that "the circumstances of this case, which required Defendants to engage in extensive research that could not be completed" by the thirty-day deadline "constitute an adequate and acceptable excuse to file the Joinders on a later date." (Opp'n 3:27-4:2.) In addition, Equitrust cites <u>Hernandez v. Six Flags Magic Mountain, Inc.</u>, 688 F. Supp. 560, 562 (C.D. Cal. 1988), for the proposition that "the plain language of the removal statute indicates that remand is only mandatory where a case is 'removed improvidently' and the court is 'without jurisdiction.'" (Opp'n 4:7-8.) Neither argument has merit. First, even assuming that some exceptional circumstances might excuse such a procedural defect, there is nothing exceptional about the fact that Defendants needed to conduct research in order to evaluate the propriety of removal. Second, the so-called "plain language" from § 1447(c) cited by Defendants was, in fact, removed from the statute in 1988. Act of Nov. 19, 1988, Pub. L. 100-702, 102 Stat. 4670 (amending 28 U.S.C. § 1447(c)).

In short, this case falls squarely within the rule outlined by the Ninth Circuit in <u>Prize</u>, 167 F.3d at 1266, requiring remand where a facially defective removal notice is uncured within the thirty-day statutory period provided by § 1446.

**III. Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion and REMANDS the action. In addition, the SCHEDULING CONFERENCE set for August 23, 2010 is vacated

IT IS SO ORDERED.

Dated: June 17, 2010

DEAN D. PREGERSON
United States District Judge

5